McKinney, J.,
delivered the opinion of the court.
This is a petition filed in the circuit court of Weakley, by the personal representatives of John Moore, deceased, under the act of 1827, ch. 54, sec. 4, to obtain a decree for the sale of a tract of land, alleged to belong to the estate of the intestate, for the satisfaction of debts of said estate remaining due *513 after exhausting the personal assets. The petition was dismissed upon demurrer, in the circuit court, and the cause is brought here by appeal.
The case made in the petition is briefly this : The intestate, at the time of his death, was the owner of an occupant claim for 18l£ acres of land, in Weakley county, but died without having obtained a grant for the same. After his death, the petitioners, as administrators of his estate, in pursuance of the act of 1843, ch. 8, sec. 4, with the money of the estate in their hands, perfected the title to said occupant claim, by procuring a grant to issue for the land in the name and for the use of the heirs-at-law of the intestate, in the mode prescribed in that act; a copy of-which grant is exhibited with the petition. The personal estate having been exhausted in the payment of debts, leaving just debts still unsatisfied, it is sought by the petition to subject said tract of land, or so much thereof as may be necessary, to sale, for the payment of the same.
Two questions are raised by the demurrer: First, Is said tract of land, granted to the heirs of the intestate since his death, subject to the claims of the creditors of his estate ? Upon this point there can be no doubt. By our law, all the real estate of a deceased debtor, whether of a legal.or equitable character, is liable to the satisfaction of his just debts, subject to the widow’s right of dower, which has preference over the rights of creditors.
Since the passage of the act of Congress of 18th February, 1841, “ authorising the State of Tennessee to perfect titles to the vacant and unappropriated lands south and west of the congressional reservation line,” and our own statutes enacted in pursuance thereof, a person holding an occupant claim must be regarded as being vested with an interest in the land ; such an interest as by express statutory provisions, he may alien or assign, (act of 1837, ch. 1, sec. 5, 18,) or which he may devise *514 by will; or which, upon his dying intestate, descends to and vests in his heirs. Act of 1839-40, ch. 68, sec. 9.
The act of 1843, ch. 8, sec. 4, in prescribing a mode for perfecting the title to an occupant claim, in the name of the heir, did not intend to effect any change of the law as respects the rights of creditors, or of the liability of the legal and equitable real estate of the deceased debtor to the satisfaction of his just debts. The land, where the title is thus perfected, is liable just in the same manner as land held by a general entry, made by a deceased debtor, upon which, after his death, a grant is issued in the name of his heir; or of land held under a title-bond, for which a deed is made in the name of the heir after the death of the vendee. In each and all of these cases, on failure of personal assets, the real estate is alike subject to the satisfaction of the unpaid debts of the deceased debtor. The legal title in the name of the heir, in such cases, is a mere formal title, held as in trust for, and subject to the rights of creditors of the deceased.
The second question presented, is : Has the circuit court jurisdiction of such a case? The act of 1827, ch. 54, sec. 4, in terms, confers upon the circuit and chancery courts a concurrent jurisdiction in all cases embraced by it. It was certainly competent to the Legislature to bestow upon the circuit courts such equitable jurisdiction ;• and we perceive no sufficient reason for holding, that the amplitude of the jurisdiction given to. the circuit courts, was designed to be less extensive or effectual than that of the chancery courts. Both tribunals having equal power to decree a sale, each must, by neeessary implication, have the jurisdiction to make all such incidental orders and decrees as the circumstances and equities of the particular case may require, so as to carry into effect the objects of the law, and at the same time provide for the protection and security of the interests, not only of the creditors, hut *515 likewise of the personal representatives, widow, heirs and purchasers.
The decree of the circuit court is, therefore, erroneous, and will be reversed, and the demurrer he disallowed.